NORTHWEST ENGINEERING CORPORATION, Respondent, vs.
DEPARTMENT OF TAXATION, Appellant.

*October 13—November 10, 1942.*

For the appellant there was a brief by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and oral argument by *Mr. Persons.*

For the respondent there was a brief by *Shea & Hoyt* of Milwaukee and *George E. Frazer* of Chicago, Illinois, at-

torneys, and *Ralph M. Hoyt* of Milwaukee of counsel, and oral argument by *Mr. Hoyt* and *Mr. Frazer.*

FAIRCHILD, J. The question presented on this appeal is whether there is any evidence that the taxpayer made any transfer of earnings, profits, property, or assets to a customer, of such a character as to be a dividend. It is true that the customer was the owner of the stock in the taxpayer, but this in and of itself does not change gains of the customer made by buying and selling the product of the taxpayer into dividends. There was an adjustment between the taxpayer and the Department of Taxation under which the proper income was accounted for and duly taxed as income.

The department now contends that this difference between the income actually received and what it would have been if the taxpayer had sold its products to its parent corporation at their full market value amounts to a dividend, and that it is taxable as a dividend under sec. 71.60, Stats. 1937 (ch. 505, Laws of 1935). This contention is based on facts referred to in the statement of facts by buying the products below market prices. But every benefit obtained by a stockholder from a corporation in which he owns stock is not a dividend. *Baker v. Tax Comm.* 210 Wis. 557, 246 N. W. 695 ; *Zimmers v. Milwaukee,* 189 Wis. 269, 206 N. W. 178. The stockholder in this case allegedly secured a profit which resulted from the difference between the market value of the products and the amount it actually paid the taxpayer for the goods. The department argues that the existence of the supposed profit which it seeks to tax as a dividend is established by the method used in the adjustment of the income tax assessment, but that does not amount to a concession on the part of the taxpayer that it declared and paid a dividend, or to constructive evidence of a transfer of corporate property as a dividend, even though that controversy terminated in an agreement

between the department and the taxpayer for paying an additional income tax.

The learned trial judge in ruling that a dividend had not been declared said: "It would seem to us impossible for a company to 'declare' a dividend by merely selling below cost or above cost or at less than a certain price."

The transactions under consideration do not disclose the attributes of a dividend. The legislature, in providing a remedy for securing the assessment of a proper income tax where dealings with a favored customer have resulted in the depression of a taxpayer's income, enacted sec. 71.25 (1), Stats., and thereby prevented such transactions from escaping their fair share of the tax burden. The legislature was there giving consideration to sales of this sort, but it did not include the profits to the buyer in the definition of a "dividend." The term "dividend" has a well-settled meaning, and it does not extend to commercial benefits to a stockholder who buys the company's product at a discount for the purpose of dealing in that merchandise.

We see no escape from the conclusion of the court below that there was no dividend. Hence there is no question here of whether there may be instances of a constructive declaration of a dividend so as to meet the requirements of sec. 71.60, Stats. 1937.

*By the Court.*—Judgment affirmed.